UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michelle R.,

    Plaintiff,

    v.                                                      Case No. 1:20cv1001

Commissioner of Social Security                   Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's August 15, 2022 Report and Recommendation ("R&R") recommending that the ALJ's finding of non-disability should be affirmed, that judgment be entered in favor of the Commissioner and this case be terminated on the Court's docket. (Doc. 23).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 24).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's

objections.

Plaintiff maintains that the Magistrate Judge's R&R was in error to the extent that the Magistrate Judge concluded that the ALJ properly evaluated Plaintiff's fibromyalgia.

I. **ANALYSIS**

In her objections, Plaintiff reiterates that her central argument is that the ALJ relied extensively on exam findings and diagnostic testing in evaluating Plaintiff's fibromyalgia. Plaintiff maintains that the majority of the ALJ's citations to the administrative record are to the negative or normal physical exams and objective testing.

As the Magistrate Judge noted, "[o]bjective evidence is not wholly irrelevant merely because a claimant suffers from a condition like fibromyalgia."  (Doc. 23, PAGEID 2298) (citing *Clemow v. Comm'r of Soc. Sec.*, No. 1:20-CV-592, 2021 WL 6125021, at *4 (S.D. Ohio Dec. 28, 2021)).  Moreover, as the Magistrate Judge pointed out, Plaintiff suffers from numerous "severe" impairments, and the ALJ was not precluded from considering objective medical evidence when evaluating whether Plaintiff could sustain full-time employment.  (Doc. 23, PAGEID 2299).

As other district courts have observed, "when a claimant has a fibromyalgia diagnosis, objective medical evidence of the condition is rare." *Taylor v. Saul*, No. 19-1289-TMP, 2020 WL 3889027, at *3 (W.D. Tenn. July 10, 2020) (quoting *Gursky v. Colvin*, No. 16-CV-2654-TMP, 2017 WL 6493149, at *9 (W.D. Tenn. Dec. 19, 2017)).  To place "undue emphasis on the lack of objective evidence . . . misapprehends the nature of fibromyalgia." *Rodriguez v. Comm'r of Soc. Sec.*, No. 18-11095, 2019 WL 4267593, at *1 (E.D. Mich. Sept. 10, 2019).  However, the Social Security administration has explained that "[a]s with any claim for disability benefits, before we find that a person with

---

1 Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials

a [medically determinable impairment] of [fibromyalgia] is disabled, we must ensure there is sufficient objective evidence to support a finding that the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity." SSR 12-2p, 2012 WL 3104869, at *2.

Social Security Ruling 12-2p ("SSR 12-2p") "helps reviewers navigate this challenging terrain." *Ross v. Saul*, No. 5:19-CV-485, 2020 WL 7634160, at *7 (E.D. Ky. Dec. 22, 2020) (footnote omitted). SSR 12-2p provides "guidance on how [SSA] develop[s] evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how [SSA] evaluate[s] fibromyalgia in disability claims." *Id*. (quoting SSA 12–2p, 2012 WL 3104869, at *1). SSR 12-2p recognizes that "[w]idespread pain and other symptoms associated with [fibromyalgia], such as fatigue, may result in exertional limitations that prevent a person from doing the full range of unskilled work in one or more of the exertional categories" that the SSA uses to determine individuals' RFCs. SSR 12-2p, 2012 WL 3104869, at *6 (July 25, 2012); *see also id*. at *3 (recognizing that fibromyalgia "symptoms, signs, [and] co-occurring conditions" include "manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, [and] irritable bowel syndrome" (footnotes omitted)).

However, Plaintiff does not point to evidence of pain, fatigue or other symptoms which would support limitations beyond what the ALJ included in the RFC. As the ALJ noted, Plaintiff repeatedly denied chronic back and neck pain (Doc. 10-2, PAGEID 88) and at times, denied chronic fatigue and malaise (Id., PAGEID 89). In addition, the ALJ noted that in April of 2017, Plaintiff reported that she exercised daily by walking for up to

1 Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials

thirty minutes. (Id.) While there is some evidence Plaintiff complained of "brain fog" during an exam in May of 2016 (Tr. 918), Plaintiff did not report this symptom on a consistent basis. *Cf. Worthington v. Soc. Sec. Admin*., No. 2:20-CV-00023, 2021 WL 3910324, at *8 (M.D. Tenn. Aug. 11, 2021), *adopted*, 2021 WL 3883966 (M.D. Tenn. Aug. 31, 2021) ("Contrary to the ALJ's finding, Worthington's medical records from the relevant time period show that she consistently complained about fibromyalgia fatigue with a few rare exceptions."). In addition, as the Magistrate Judge explained, the ALJ found that Plaintiff suffers from multiple severe impairments "which implicated all examination results." *See Ross v. Saul*, No. 5:19-CV-485, 2020 WL 7634160, at *7 (E.D. Ky. Dec. 22, 2020). Therefore, the Court concludes that the ALJ did not place undue emphasis on objective medical evidence in evaluating Plaintiff's fibromyalgia. Accordingly, Plaintiff's objections are OVERRULED.

II. **CONCLUSION**

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's August 15, 2022 R&R (Doc. 23). Accordingly, it is hereby **ORDERED** that:

1. The Commissioner's non-disability finding is **AFFIRMED**;

2. Judgment shall be entered in favor of the Commissioner; and

3. This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                    */s/ Michael R. Barrett*
                                                    Michael R. Barrett, Judge
                                                    United States District Court

1 Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials